IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOCELYN TOGLENA,

      Plaintiff,

  v.                                                                                                   Civ. No. 20-691 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

      Defendant.

### MEMORANDUM OPINION AND ORDER[2]

Claimant Jocelyn Toglena argues that the Administrative Law Judge ("ALJ") who denied her claim for disability insurance benefits under the Social Security Act committed several instances of error. Among other things, Ms. Toglena argues that the ALJ failed to properly consider the evidence related to her headaches. Because the Court finds that the ALJ impermissibly substituted her finding of non-severity at step two in lieu of performing a proper analysis of all impairments at step four, the Court agrees with Ms. Toglena. As a result, the Court GRANTS Ms. Toglena's Opposed Motion To Reverse And/Or Remand, Doc. 21, and remands this matter for further consideration consistent with this Opinion.[3]

---

[1] Kilolo Kijakazi was appointed the acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 29, 31, 32. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

[3] The Court reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

## **APPLICABLE LAW**

    A.    <u>Disability Determination Process</u>

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

    (1)    At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[4] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

    (2)    At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

    (3)    At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

    (4)    If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the

---

[4] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

> most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.
>
> (5)   If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.   Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the

evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

Ms. Toglena argues that the Court should remand because, among other things, the ALJ failed to properly consider the evidence relating to Ms. Toglena's impairment of headaches. Doc. 21 at 21-22. Because the ALJ found this impairment to be non-severe at step two, the ALJ ignored the impairment throughout the rest of the disability process. This was error, and requires remand.

At step two of the disability determination process, the ALJ found that Ms. Toglena has the following severe impairments: degenerative disc disease of the lumbar and cervical spines, hypertension, obesity, depression, and a somatic disorder. AR 176. The ALJ found the following non-severe impairments: hyperthyroidism, disorder of refraction, history of endometriosis and fibroids (status post hysterectomy), and migraine headaches. *Id.* With respect to migraine headaches, the ALJ explained: "The record also shows migraine headaches; however, it shows minimal evidence of the frequency or severity of flares and shows no work interference." *Id.* (citing Exhibits 4F, p. 2; 15F, p. 11; 22F, p. 6).

Ms. Toglena argues that this finding of non-severity with respect to migraines is unsupported by substantial evidence. Doc. 21 at 21-22. She further argues that the ALJ disregarded her migraine symptoms, failed to incorporate them into the RFC without explanation, and failed to consider all the evidence related to migraines. *Id.* at 22; *see also id.* at 4-5 (laying out the record evidence related to migraines).

Ms. Toglena's first argument—with respect to the ALJ's finding of non-severity—fails because the error, if any, is harmless. "[A] claimant need only establish, and an ALJ need only find, one severe impairment." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must

proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Id.* Here, the ALJ found Ms. Toglena had other severe impairments, and thus there is no harmful step-two error in this case.

However, that does not end the analysis. The Court agrees with Ms. Toglena's second contention of error related to the RFC. That is because, at step four, "an ALJ must consider the limiting effects of non-severe impairments in determining the claimant's RFC." *Allman*, 813 F.3d at 1330. The Commissioner's regulations state that, in fashioning the RFC, "we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 416.945(e). "In assessing the total limiting effects of your impairment(s) and any related symptoms, we will consider all of the medical and nonmedical evidence, including the information described in § 416.929(c)." *Id.* In turn, § 416.929(c) requires the Commissioner to "consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons." 20 C.F.R. § 416.929(c)(3).

That is, a finding of non-severity at step two does not permit the ALJ to ignore the impairment throughout the rest of the disability determination process. *Wells v. Colvin*, 727 F.3d 1061, 1064-65 (10th Cir. 2013). The ALJ is required to evaluate the non-severe impairment along with the severe impairments, and in particular, must consider the subjective symptom evidence related to the non-severe impairment. 20 C.F.R. §§ 416.945(e), 416.929(c)(3); *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) ("[A]n ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination . . . . [T]he failure to

consider all of the impairments is reversible error."). While "the mere diagnosis of an impairment does not necessarily compel a finding of disability, the regulations do require the ALJ to at least consider a demonstrated impairment throughout the disability determination process." *Spicer v. Barnhart*, 64 F. App'x 173, 177 (10th Cir. 2003).

It is not disputed that Ms. Toglena's migraines are a medically determinable impairment. The ALJ found they are an impairment, AR 176, and the Commissioner does not argue otherwise in her brief, Doc. 26 at 16-17. Therefore, the ALJ was required to consider them at step four, along with Ms. Toglena's subjective symptom evidence. This, the ALJ indisputably did not do. There is no mention of headaches or migraines in the discussion of evidence supporting the RFC. *Cf.* AR 178-81. The record, however, is rife with pertinent evidence related to Ms. Toglena's migraines.

In support of her finding of non-severity, the ALJ cited the following treatment notes:

- Exhibit 15F/11, or AR 961: October 18, 2010 treatment note from R R Johnson, DO, MS that Ms. Toglena experiences one migraine per month and has some relief with ibuprofen. AR 961. She was diagnosed with hypertension and migraines. AR 962. Dr. Johnson recommended Inderal, weaning off caffeine, reduced use of narcotic medicines, and keeping a food diary to identify triggers. *Id.*

- Exhibit 4F/2, or AR 477: October 26, 2017 note from Edmund McNally, PA-C that Ms. Toglena reports a history of chronic migraine headaches on a weekly basis. AR 477. She was diagnosed with "Chronic headache disorder . . . possibly exacerbated by exophthalmia." AR 478. Mr. McNally noted that her physician was having Ms. Toglena use eye lubricants during day and patches at night. *Id.*

- Exhibit 22F/6, or AR 1879: March 11, 2019 treatment note from Meghan L. Ritz, PA-C that is a medication list, including amitriptyline (a migraine medication). AR 1879. Earlier in the same treatment note, Ms. Ritz diagnosed Ms. Toglena with "stable" migraines but noted that Ms. Toglena feels unable to hold a job due to migraine headaches. AR 1877-78.

*See* AR 176. The Court offers no opinion as to whether this record would constitute substantial evidence to support the ALJ's step-two contention that the record shows "minimal evidence of the frequency or severity of flares and shows no work interference." That is because, regardless

of whether the ALJ's conclusion at step two constituted error, the ALJ's discussion of this issue was insufficient for purposes of step four. And, regardless of what conclusion at step four the ALJ might have been able to justify after considering and discussing the record, given the large amounts of migraine evidence in the record, the ALJ's failure to engage in any step-four discussion of the migraines constitutes error.

For instance, the ALJ did not discuss any of the subjective symptom evidence, even though at the hearing before the ALJ, Ms. Toglena testified:

Q: So, what prevents you from working right now?

A: Migraines.

AR 197. This is consistent with numerous statements she made to her medical providers. AR 1877 (March 11, 2019 treatment note that she "feels unable to hold job due to migraine HA"); AR 1596, 1598 (February 11, 2019 treatment note reporting same); AR 684 (January 18, 2018 note that she "[f]eels she is unable to hold a job due to her migraines"). Ms. Toglena also testified at the hearing her migraines can last from three to five days, that she gets migraines every "week and a half or so," and that she goes to the emergency room when the pain is "unbearable," or every three to four months. AR 199.

In addition, the ALJ failed to recognize that Ms. Toglena has a lengthy treatment history of medical appointments and medications for migraines. Ms. Toglena highlights the following evidence from the record that the ALJ never discussed:

- Progress Notes from Northern Navajo Medical Center dated December 29, 2008 through July 17, 2009 reflecting medical visits for forehead pain, AR 999; "fairly common migraines," AR 1006; a three-day-long migraine, AR 1012; and complaints of headaches, AR 1017.

- February 9, 2017 treatment note from Ms. Ritz that Ms. Toglena regarding current complaint of "headache which feels like a migraine." AR 1596. Ms. Ritz administered trigger-point injections. AR 1598.

- February 9, 2017 treatment note from Ms. Ritz that Ms. Toglena's migraines have increased in frequency but not intensity over the past several months, and are characterized by "screwdriver" pain at right temple. AR 540.

- March 27, 2017 treatment note from Julia Olson, Pharmacist, that Ms. Toglena had one migraine "yesterday" but that she was able to manage the headache. AR 527-29.

- November 27, 2017 treatment note from Ms. Ritz that Ms. Toglena is "engaging in traditional" ceremonies for her migraine headaches and that she reports no new migraines since her last appointment. AR 669.

- November 29, 2017 treatment note from Uche Obisike, MD that Ms. Toglena reports a history of chronic migraine headaches on a weekly basis. AR 657.

- December 27, 2017 treatment note from Uche Obisike, MD that Ms. Toglena reports a history of chronic migraine headaches on a weekly basis. AR 654.

- January 18, 2018 treatment note from Meghan L. Ritz, PA-C that Ms. Toglena describes tension-like headaches occurring two times a week with a tight band around her head, and right-sided migraine headaches about two times a month. AR 684. Ms. Ritz diagnosed the migraines are "stable" and discussed avoidance of processed foods, Ms. Toglena's reaction to triptans, and a reevaluation by neurology. AR 685.

- Ms. Toglena's hearing testimony before the ALJ regarding the medication she takes for her migraines. AR 198.

Doc. 21 at 4-5.

"[A]n ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But "[t]he record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009. "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. Because the ALJ only discussed a small fraction of this evidence at step two, discussed none of it at step four, and never considered Ms. Toglena's subjective symptom evidence, the Court is not convinced the ALJ adequately considered the evidence relating to Ms. Toglena's headaches.

The Commissioner contends that "substantial evidence supports the ALJ's conclusion that Plaintiff's alleged headaches would not prevent simple, unskilled work." Doc. 26 at 16. The

9

Commissioner highlights evidence that, during the relevant period between October 2017 and June 2019,[5] Ms. Toglena found relief for headaches by taking ibuprofen at early onset and that her symptoms were "not that bad." *Id.* (citing AR 477, 1534, 1596, 1877-78). The state agency reviewing medical experts indicated that the record did not support severely limiting headaches. *Id.* (citing AR 218, 232-33).

While this evidence is certainly relevant, the ALJ did not discuss it. As Ms. Toglena emphasizes in her reply brief, the Court may not rely on post-hoc justifications. Doc. 27 at 1-3, 7-8; *see Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself"). Rather, because it invokes reasoning that the ALJ did not articulate, the Commissioner's argument relies on the principle of harmless error. The Court may find an error harmless and affirm where the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). A finding of harmless error is appropriate when "the missing fact was clearly established in the record." *Id.* But "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action." *Id.*

The Court does not agree with the implication of the Commissioner's argument that a reasonable factfinder would be compelled to find that Ms. Toglena's headaches have resulted in no work-related limitations. Ms. Toglena testified at the hearing that her headaches prevent her

---

[5] While the Commissioner is correct that this is the relevant period for which Ms. Toglena could collect benefits, the ALJ stated "I have considered the complete medical history consistent with 20 CFR 416.912," AR 174, and cited records from 2010 relating to Ms. Toglena's headaches, AR 176 (citing Exhibit 15F/11, or AR 961). Therefore, the Court also considers the complete medical history related to headaches, including prior to October 2017.

from working. That testimony, along with the lengthy treatment history by doctors and physician assistants, would be more than substantial evidence to support a conclusion that she suffers from greater work-related limitations than the ALJ here found. The Court therefore remands for a consideration of all impairments, severe and non-severe, throughout the disability determination process.

The Court does not reach Ms. Toglena's remaining arguments because they could be mooted by the ALJ's consideration of all the evidence pertaining to her impairments at step four.

## CONCLUSION

For the reasons stated above, Ms. Toglena's Opposed Motion To Reverse And/Or Remand, Doc. 21, is **GRANTED**.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**